**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 15, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-10201
Summary Calendar

_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

                          versus

SANDRA ROBERTS,

      Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-00170-2-A

_____

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Sandra Roberts appeals her sentence following her conviction for bank fraud. Her conviction was the result of a scheme to defraud her employer of money by false data entry of payments received. She argues that the district court clearly erred in applying a two-level increase to her sentence pursuant to U.S. SENTENCING GUIDELINES MANUAL § 3B1.3 for abusing a position of trust. For the following reasons, Roberts's sentence is AFFIRMED.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3B1.3 of the Sentencing Guidelines allows an increase by two levels if "the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense . . . ."[1] The commentary to § 3B1.3 notes that a position of public or private trust involves "substantial discretionary judgment that is ordinarily given considerable deference."[2] A district court judge's application of § 3B1.3 "is a sophisticated factual determination that will be affirmed unless clearly erroneous."[3]

Roberts argues that the district erred by classifying her as occupying a position of trust. Relying on the commentary to § 3B1.3, she claims that she is tantamount to a simple bank teller to which § 3B1.3 does not apply.[4] The district court rejected this argument, accepting instead the probation officer's presentence report, to which there was no rebuttal:

> The evidence in this case established that Roberts, employed by Metrocall as an accounts receivable data entry clerk, was given special access to the company's data base which enabled her to commit the offense and conceal it from detection. Roberts' position gave her the authority to receive checks in the mail, tally the checks, enter the amounts into the data base, and fax the

---

[1] U.S. SENTENCING GUIDELINES MANUAL § 3B1.3 (2002).

[2] *Id.*, cmt. 1.

[3] *United States v. Ehrlich*, 902 F.2d 327, 330 (5th Cir. 1990).

[4] U.S. SENTENCING GUIDELINES MANUAL § 3B1.3, cmt. 1 ("This adjustment does not apply in the case of . . . an ordinary bank teller or hotel clerk because such positions are not characterized [as discretionary].").

information to Metrocall's main office. Roberts' position enabled her to alter the totals that she provided to the main office. In addition, Roberts credited the stolen payment to the customer's account as though the payment had been received at a Metrocall lock-box location, thereby, making it appear that the checks were stolen from the lock-box location, and not necessarily by a Metrocall employee. Therefore, Roberts' position went beyond that of an average bank teller, and she abused a position of trust when she committed the offense.

Considering our precedent, the district court did not clearly err in applying the § 3B1.3 increase.[5] Even a regular teller "may engage in other activities in the course of her job that [involve] aspects of trust which may be exploited to facilitate a crime."[6] Roberts did so here. Metrocall placed Roberts in a position with special access to the company's data base, with the power to receive, deposit and record substantial sums of money, and with the authority to relay the updated account information to the company's headquarters. Accordingly, the district court did not clearly err in finding that Roberts occupied a position of trust and in applying § 3B1.3.

AFFIRMED.

---

[5] *United States v. Smith*, 203 F.3d 884, 893-94 (5th Cir. 2000) (holding that a part-time teller occupied a position of trust because of special knowledge of operating and security procedures, which the teller used to facilitate a robbery); *United States v. Ehrlich*, 902 F.2d 327, 330-331 (5th Cir. 1990) (holding that a loan clerk occupied a position of trust because of specialized knowledge and access of the computer system, as well as the power to balance large, important accounts).

[6] *Smith*, 203 F.3d at 893.